UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BYLETT and DIANE BARANOWSKI,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

Case No. 17-cv-12184

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

**I. Factual Background**

This case was originally filed on March 3, 2017 in the 47th Judicial District Court in Michigan, Small Claims Division. Dkt. No. 1, p. 11 (Pg. ID 11). Plaintiffs, Kevin Bylett and Diane Baranowski sought $5000.00 from Defendant Bank of America, pursuant to the Fair Debt Collection Practices Act (FDCPA). *Id*. The stated reasons for the claim are as follows:

> "failure to follow FDCPA Section 807(8)…false or misleading representations (15 U.S.C [§]1962e)[1] failure to communicate that a disputed debt is disputed to the credit bureaus (within 30 days)…"

---

[1] Contrary to the Plaintiffs' Complaint, the FDCPA is codified at 15 U.S.C. § 1692, not 15 U.S.C. § 1962.

*Id*. On April 10, 2017 the state court entered a default judgment against the Defendant in the amount of $5,077.00. *Id.*, p. 7 (Pg. ID 7). On April 26, 2017, the Defendant filed a Motion to Set Aside the Default Judgment due to improper service. *Id*. On June 20, 2017, the state court granted Defendant's motion. *Id.*

On July 5, 2017, Plaintiff filed a timely Notice of Removal to federal Court. Dkt. No. 1; *see also Campbell v. Johnson*, 201 F.3d 440 (6th Cir. 1999) ("The 30-day period for removal runs from the service of the summons on each defendant."); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 1324, 143 L. Ed. 2d 448 (1999) (holding that the a defendant's time to remove "is triggered by simultaneous service of the summons and complaint … but not by mere receipt of the complaint unattended by any formal service.").

On July 13, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. No. 3. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1)(B), "[a] response to a dispositive motion must be filed within 21 days after service of the motion." More than twenty-one days have lapsed since Defendant served the motion on the Plaintiffs. The Court has not received any response from the Plaintiffs, but will nevertheless proceed on the merits on the motion to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be

granted. *See* FED. R. CIV. P. 12(b)(6). The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citations and quotations omitted).

Neverthtless, *pro se* plaintiffs must still meet "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. Analysis

Defendant argues that Plaintiffs' Complaint fails to state a claim and must be dismissed because Bank of America is not a debt collector as defined by the Fair Debt Collection Practices Act. Dkt. No. 3, p. 13 (Pg. ID 13). The Court agrees. Plaintiffs' Complaint does not meet basic pleading essentials.

As stated previously Plaintiffs' Complaint alleged violations of 15 U.S.C. § 1692(e), which states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

15 U.S.C.A. § 1692e.

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
> ....
> **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a

bona fide escrow arrangement; (ii) *concerns a debt which was originated by such person*; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C.A. § 1692a (emphasis added). "A bank that is 'a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.' " *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

In this case, the Defendant owns the debt held by the Plaintiffs. *See* Dkt. No. 3-2, p. 2 (Pg. ID 35) (showing an equity line of credit agreement between Standard Federal Bank, N.A., Kevin Bylett, and Diane Baranowski); *see also* Dkt. No. 3-3, p. 2 (Pg. ID 41) (Federal Deposit Insurance Corporation (FDIC) records indicating that Standard Federal Bank, N.A. no longer does business under that name because it merged with Bank of America, N.A.). Therefore, pursuant to the definition of a debt collector as defined by the FDCPA and the Sixth Circuit, Plaintiff have not stated a valid claim against the Defendant because Bank of America, N.A owns the underlying debt.

## IV. Conclusion

For the proceeding reasons, Plaintiffs' claims against the Defendant for violations of the FDCPA fail as a matter of law and are DISMISSED. Defendant's Motion to Dismiss [3] is GRANTED.

**SO ORDERED**.

Dated: August 11, 2017　　　　　　　　　s/Gershwin A. Drain  
Detroit, MI　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN  
　　　　　　　　　　　　　　　　　　　United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 11, 2017, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　/s/Teresa McGovern　　for  
　　　　　　　　　　　　　　　　　　　Tanya Bankston  
　　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5213